**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**
**No. 13-899V**
**Filed: August 1, 2014**
**(Not to be published)**

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| MELVA MOONEYHAM, | * |
| Petitioner, | *     Stipulation; Flu; GBS; |
| v. | *     Damages; Attorneys' Fees & |
| | *     Costs |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| Respondent. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Diana Stadelnikas Sedar, Esq.,* Maglio, Christopher & Toale Law Firm, Sarasota, FL for petitioner.
*Althea Walker Davis , Esq.,* U.S. Dept. of Justice, Washington, DC for respondent.

## DECISION ON JOINT STIPULATION[1]

**Gowen,** Special Master:

Melva Mooneyham ["petitioner"] filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on November 12, 2013. Petitioner alleges that she suffered from Guillain-Barre Syndrome ["GBS"] that was caused in fact by a flu vaccination she received on October 3, 2012. *See* Stipulation, filed July 31, 2014, at ¶¶ 2, 4. Further, petitioner alleges that she experienced residual effects of her injuries for more than six months. Stipulation at ¶ 4. Respondent denies that the petitioner's flu vaccine caused GBS, or any other injury or her current disabilities. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On July 31, 2014, the parties filed a joint stipulation agreeing to settle this case and describing the settlement

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

terms.

Respondent agrees to pay petitioner:

   a.  **A lump sum of <u>$25,000.00</u> in the form of a check payable to petitioner, Melva Mooneyham.**  This amount represents compensation for all damages that would be available under § 300aa-15(a); and

   b.  **A lump sum of <u>$9,543.00</u> in the form of a check payable jointly to petitioner and petitioner's attorney, Diana Stadelnikas Sedar, Esq., for attorneys' fees and costs** available under § 300aa-15(e); and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

The special master adopts the parties' stipulation attached hereto, and awards compensation in the amount and on the terms set forth therein.  The clerk of the court is directed to enter judgment in accordance with this decision.[3]


**IT IS SO ORDERED.**

**<u>s/ Thomas L. Gowen</u>**
**Thomas L. Gowen**
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| MELVA MOONEYHAM, | ) | |
| | ) | |
| Petitioner, | ) | No. 13-899V |
| | ) | Special Master Thomas L. Gowen |
| v. | ) | |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Melva Mooneyham, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine ("flu"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received a flu vaccine on October 3, 2012.

3.  The vaccine was administered within the United States.

4.  Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as the result of the flu vaccine, and that she suffered the residual effects of this injury for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6.  Respondent denies that the flu vaccine caused petitioner's GBS or any other injury or her current disabilities.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $25,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

b. A lump sum of $9,543.00 in the form of a check payable jointly to petitioner and petitioner's attorney, Diana Stadelnikas Sedar, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e), and in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C.

2

§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12.  In return for the payments described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on October 3, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about November 12, 2013, in the United States Court of Federal Claims as petition No. 13-899V.

13.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's GBS or any other injury or her current disabilities.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

/

/

Respectfully submitted,

PETITIONER:

MELVA MOONEYHAM

ATTORNEY OF RECORD FOR
PETITIONER:

DIANA STADELNIKAS SEDAR, ESQUIRE
Maglio Christopher & Toale Law Firm
1605 Main Street, Suite 710
Sarasota, FL 34236
(941) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U. S. Department of Justice
P. O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF
THE SECRETARY OF HEALTH AND
HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC)
Acting Director, Countermeasures Injury
Compensation Program (CICP)
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 31 July 2014

ATTORNEY OF RECORD FOR
RESPONDENT:

ALTHEA WALKER DAVIS
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-0515

5